IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 SEP 17 PM 4:18

PATRICK LANDON HOLTZINGER,      )
                                )
    Petitioner,                 )
                                )   Civil Action No. 1:24-cv-788-LKG
v.                              )
                                )   Dated: September 16, 2024
MAJOR CRAIG ROWE,               )
                                )
    Respondent.                 )

## MEMORANDUM OPINION

Respondent filed a response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking dismissal of the petition because the petition is moot, the claim asserted is not exhausted, and the claims are not cognizable for federal habeas relief. ECF No. 7. Self-represented Petitioner Patrick Landon Holtzinger filed a motion to appoint counsel before the response was received but has not filed anything further. ECF No. 6. The motion shall be denied.[1] No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the petition shall be dismissed as moot.[2] A certificate of appealability shall not issue.

## I.  Background

On April 1, 2021, the State filed a ten-count criminal information against Holtzinger in the Circuit Court for Washington County charging him with one count of attempted second-degree rape, three counts of fourth-degree sex contact, and six counts of violating a protective order. ECF No. 7-1 at 9, 17-18 (docket sheet). At a hearing held in the Circuit Court for Washington County, Maryland on March 14, 2022, Holtzinger pleaded guilty to three counts of violating the protective order and the State entered nolle prosequi on the remaining charges.

---

[1] Rule 8(c) of the Rules Governing § 2254 Cases provides that a court must appoint counsel "[i]f an evidentiary hearing is warranted." No hearing is warranted in this matter.

[2] Because the Petition is being dismissed due to Holtzinger's release, the remaining claims raised by Respondent will not be addressed.

At the March 14, 2022 hearing, the State proffered that Holtzinger was the subject of a final protection order issued on May 13, 2020 by the District Court for Washington County which remained enforceable until May 13, 2021. ECF No. 7-2 at 9 (Transcript March 14, 2022). Holtzinger violated the no contact provision when he sent an email to his ex-wife on December 5, 2020 stating that he wanted to come home and could not picture "home" without her. *Id*. He also tried to call his ex-wife and to send text messages to her from his phone, then attempted to do so from other phone numbers she could not identify. *Id*. Additionally, on January 20, 2021, Holtzinger tried to call his ex-wife, over Google, three times and attempted to video chat with her three times. *Id*. at 10. Holtzinger continued to call his ex-wife leaving voicemails asking her to call him, asking if he could pick up his stepdaughters, begging her to meet him, and stating he had money which he likely owed her. *Id*.

The State charged Holtzinger with violating the protective order three times: once on December 5, 2020, and twice on January 20, 2021. *Id*. The court found Holtzinger guilty of violating the protective order. ECF No. 7-2 at 10. Holtzinger was sentenced to serve one-year, with three months suspended, and two consecutive years that were suspended in their entirety. *Id*. at 17-18. After serving the nine-month sentence, Holtzinger was placed on supervised probation for one year and unsupervised probation for a second year. *Id*. at 18. The court approved Holtzinger's request to transfer his probation supervision to Pennsylvania. *Id*.

Holtzinger's probation terms included a requirement that he obtain permission from his supervision agent before he changed his home address, changed his job, and when leaving the State of Maryland. ECF No. 7-1 at 23. The order for probation also included a provision approving transfer of supervision to Pennsylvania. *Id*. at 24. Holtzinger did not file an application for leave to appeal the guilty plea.

On December 8, 2022, Holtzinger sought to modify the terms and conditions of his probation regarding travel outside of the nine counties surrounding his residence because it hindered his job prospects, restricted him from traveling to Florida to assist his father who was ill, and prevented him from picking up his daughter. ECF No. 7-1 at 35-36.

Holtzinger again contacted the court on December 13, 2022, seeking permission to travel out of the country on a cruise to the Bahamas. *Id*. at 50. In his letter to the court, Holtzinger advised that the cruise would be leaving from Baltimore on February 19, 2023, and return to Baltimore on February 26, 2023. *Id*. He also stated that an agent with the Washington County

Department of Parole and Probation advised that he needed to get special permission from the judge for international travel. *Id*. Holtzinger further stated that his parole officer in Pennsylvania never told him he had to get permission from the judge for his trip. *Id*. The court denied Holtzinger's request to travel out of state on December 22, 2022. *Id*. at 54. On January 7, 2023, the court denied the request to modify the conditions of probation imposed on Holtzinger. *Id*. at 55.

On January 10, 2023, an agent from the Maryland Department of Public Safety and Correctional Services filed a "Request for Guidance" stating that Holtzinger was "requesting permission to travel to Florida in February 2023" and asking if Holtzinger could be "allowed to travel to Florida from 2/18-22/23." ECF No. 7-1 at 56-58. On January 11, 2023, Holtzinger filed a motion requesting clarification from the court, asking if the denial of his prior request was limited to travel outside of the United States and, if not, whether he would be permitted to travel to Maryland for a hearing that had been scheduled in his case. *Id*. at 61-63. In a response dated January 12, 2023, the court stated:

> The Defendant may not travel out of state, unless and except to Maryland if it is for purposes of supervision or court. Defendant may not take an out of state vacation while he's on probation . . . . I hope no further explanation is needed.

*Id*. at 59.

On January 31, 2023, Holtzinger's motion for clarification was denied by the court because its "previous order [was] abundantly clear." *Id*. at 65.

In a letter dated June 1, 2023, Holtzinger asked the court if he could travel to San Francisco, California to board a cruise to Alaska. *Id*. at 66. The cruise was from July 10 through 20, 2023 and Holtzinger indicated he would not leave the ship at a port in Canada. *Id*. This request was denied on June 26, 2023. *Id*. at 68.

On August 9, 2023, a request for a warrant for violation of probation was requested from the court alleging that Holtzinger violated the condition that he receive permission from his supervising agent before changing his address, changing his job, and/or leaving the State. *Id*. at 71. The requesting agent received a phone call from a United States Customs and Border Control Agent in the Port of Norfolk, Virginia. *Id*. The Customs Agent reported that Holtzinger had come through their port on August 5, 2023, and boarded a cruise ship headed for Turks and Caicos. *Id*.

The ship was scheduled to return on August 13, 2023. *Id*. Holtzinger did not have permission to leave the United States. *Id*. The warrant was issued on August 9, 2023. *Id*. at 73.

On November 7, 2023, a violation of probation hearing was held in the Circuit Court for Washington County. Holtzinger pleaded guilty to violating his probation by leaving the country without permission. ECF No. 7-3 at 3-6. Holtzinger was sentenced to serve one-year with credit for 71 days served. *Id*. at 13.

Holtzinger was released from the Washington County Detention Center on April 15, 2024. ECF No. 7-1 at 184, 211. He is no longer being supervised by the Department of Public Safety and Correctional Services. *Id*. at 212.

## II.     Discussion

Under 28 U.S.C. §2254(a) federal habeas relief is available to a prisoner who is "in custody." When a sentence has expired, federal habeas relief is unavailable even if the expired sentence enhanced a sentence that has not yet expired. *See Lackawana County Dist. Attorney v. Cross*, 532 U.S. 394, 401-2 (2001). A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). While it is well settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254" Holtzinger is no longer on probation supervision. *Mainali v. Virginia*, 873 F.Supp.2d 748, 751 (E.D. Va. 2012), citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963), *see also Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986) (release of prisoner on charges of failure to pay child support did not render habeas petition moot because the possibility of being imprisoned again remained a possibility). Holtzinger "suffers no present restraint from a conviction" and is not in custody. *Maleng*, 490 U.S. at 492, *see also Wilson v. Flaherty*, 689 F. 3d 332, 337-38 (4th Cir. 2012) (collateral consequences of conviction, including

registration as a sex offender, inability to adopt stepchild, inability to work on certain governmental projects, loss of driver's license, after sentence has fully expired do not render an individual "in custody."). The petition no longer presents a case or controversy and must therefore be dismissed as moot.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Holtzinger may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

September 16, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge

5